# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| John Phillip Wright Dukeman II           ) | |
| )| |
| Plaintiff,           ) | |
| )| |
| v.           ) | Case No.   1:24-cv-00149 |
| )| |
| Ste. Genevieve County, *et al.*,           ) | |
| )| |
| Defendants.           ) | |

**Defendant Wyatt's Suggestions in Support of Motion to Dismiss**

Defendant Trooper Dylon Wyatt offers the following suggestions in support of his motion to dismiss.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone:  (816) 889-5000
Email:       Nicolas.Taulbee@ago.mo.gov
*Attorney for Defendant Wyatt*

# Table of Contents

Table of Contents .................................................................................................. i

Table of Authorities ............................................................................................. ii

Factual Background ............................................................................................. 1

Argument ............................................................................................................. 1

    I.    Standard of Review: The Complaint must *show* and not merely *allege* that the pleader is entitled to relief ........................................... 2

    II.    The official-capacity claims against Trooper Wyatt are barred by sovereign immunity ............................................................................. 2

    III.    The state law claims in counts IV, VI, VII, IX, X, and XI against Trooper Wyatt in his individual capacity are barred by the statute of limitations, official immunity, or otherwise fail to state a claim ................................................................................................. 3

        a.  The statute of limitations bars the state law claims in counts VI, VII, IX, X, and XI ............................................................... 4

        b.  Official immunity bars all of Dukeman's state law claims against Trooper Wyatt in his individual capacity ............................ 5

        c.  Dukeman's state law claims against Trooper Wyatt in his individual capacity otherwise fail to state a claim .......................... 7

    IV.    The federal claims in counts I, III, and V against Trooper Wyatt in his individual capacity are barred by qualified immunity or otherwise fail to state a claim ........................................................ 11

Conclusion ......................................................................................................... 15

# Table of Authorities

**Cases**

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .................................................... 11, 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................... 2, 13-14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................2

*Brown v. Simmons*, 478 F.3d 922 (8th Cir. 2007) ...............................................4

*Church v. Missouri*, 913 F.3d 736 (8th Cir. 2019) ..............................................3

*Crow v. Crawford & Co.*, 259 S.W.3d 104 (Mo. App. E.D. 2008).......................8

*Dilley v. Valentine*, 401 S.W.3d 544 (Mo. App. W.D. 2013) ........................... 4-5

*Doyle v. Crane*, 200 S.W.3d 581 (Mo. App. W.D. 2006).....................................4

*Edwards v. Gerstein*, 237 S.W.3d 580 (Mo. 2007) ......................................... 7, 8

*Edwards v. McNeill*, 894 S.W.2d 678 (Mo. App. W.D. 1995)............................3

*Epps v. City of Pine Lawn*, 353 F.3d 588 (8th Cir. 2003) ............................... 3-4

*Faulk v. City of St. Louis, Mo.*, 30 F.4th 739 (8th Cir. 2022) ......................... 13

*Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982) ........... 2-3

*Hafer v. Melo*, 502 U.S. 21 (1991) ......................................................................3

*Higgins v. Ferrari*, 474 S.W.3d 630 (Mo. App. W.D. 2015)...............................9

*Jones v. Marshall*, 750 S.W.2d 727 (Mo. App. E.D. 1988) ........................ 10, 11

*Kokkomen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) ..............2

*Livers v. Schenck*, 700 F.3d 340 (8th Cir. 2012)............................................. 12

*Martinez v. Kilroy Was Here LLC*, 551 S.W.3d 491 (Mo. App. E.D. 2018) .. 9-10

*Mullenix v. Luna*, 577 U.S. 7 (2015) ................................................................ 14

*Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010) ................................................. 13

*Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978 (8th Cir. 2008) ........... 4

*Pearson v. Callahan*, 555 U.S. 223 (2009) ....................................................... 11

*Pleus v. Hoeh-Pistorio*, 2024 WL 3161617 (E.D. Mo. June 25, 2024) ............. 15

*Roberts v. City of Omaha*, 723 F.3d 966 (8th Cir. 2013) ................................. 12

*Smith v. Bacon*, 699 F.2d 434 (8th Cir. 1983) ................................................. 13

*Smith v. City of Minneapolis*, 754 F.3d 541 (8th Cir. 2014) ........................... 14

*Southers v. City of Farmington*, 263 S.W.3d 603 (Mo. 2008) ....................... 5, 6

*State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187 (Mo. 2019) .................... 5, 6, 7

*State ex rel. Barron v. Beger*, 655 S.W.3d 356 (Mo. 2022) ...............................5

*State ex rel. Helms v. Rathert*, 624 S.W.3d 159 (Mo. 2021) ..............................6

*State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443 (Mo. 1986) ............................6

*Thompson v. Clark*, 596 U.S. 36 (2022) .......................................................... 12

*Throneberry v. Mo. State Hwy. Patrol*, 526 S.W.3d 198 (Mo. App. 2017).........6

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) ...............................3

*Woodworth v. Hulshof*, 891 F.3d 1083 (8th Cir. 2018) ................................... 13

**Statutes and Constitutional Provisions**

U.S. Const. art. III, § 2, cl. 1................................................................................2

Mo. Rev. Stat. § 516.130(1)..................................................................................4

Mo Rev. Stat. §537.600 .........................................................................................3

## Factual Background

On November 8, 2020, Plaintiff John Dukeman was resting in a heavily wooded area behind his mother's house in Bloomsdale, Missouri, where he lived. Doc. 6, at ¶¶ 48-49. Dukeman had been in the heavily wooded area for roughly two hours. *Id.* at ¶ 50. A police dog named Ares bit Dukeman on his right arm, right thigh, and groin. *Id.* at ¶ 51. As a result of this encounter (and the previous law enforcement action undescribed in Dukeman's complaint), a jury convicted Dukeman of preventing Sgt. Ochs from making an arrest of Dukeman by fleeing from the officer when Dukeman knew or reasonably should have known that Sgt. Ochs was making an arrest. Doc. 5, at 4.[1]

## Argument

Trooper Wyatt did not arrest Dukeman or use any force against him. He was merely present while officers searched for the fleeing Dukeman. He did not violate Dukeman's constitutional rights, and he did not otherwise engage in tortious conduct. The federal claims are barred by qualified immunity. And, many of the state law claims against Trooper Wyatt are barred by the statute of limitations. Any that survive the statute of limitations are barred by official immunity. Further, Dukeman's claims against Trooper Wyatt otherwise fail to

---

[1] Trooper Wyatt is mentioned in numerous paragraphs of Dukeman's complaint, but Dukeman does not specifically claim that Trooper Wyatt took any particular action. *See* Doc. 6, at ¶¶ 3, 6, 8, 10, 11, 26, 30, 36, 39, 41, 46, 52, 55, 59, 65, 66, 69, 120, 124, 125, 128, 132, 136, 137, 140, 143, 151, and 167.

1

state a claim upon which this Court may grant relief. The Court should dismiss the claims against Trooper Wyatt.

### I. Standard of Review: The Complaint must *show* and not merely *allege* that the pleader is entitled to relief.

The federal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true only the factual allegations, not conclusions. *Ibid.* A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### II. The official-capacity claims against Trooper Wyatt are barred by sovereign immunity.

"Federal courts are courts of limited jurisdiction." *Kokkomen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also* U.S. Const. art. III, § 2, cl. 1. "A suit generally may not be maintained against the state itself, or against an agency or department of the State, unless the State has waived its

sovereign immunity." *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (*per curiam*) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Because official-capacity claims are suits against the state office and not the individual, official-capacity suits are treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Absent an explicit waiver, sovereign immunity bars such actions. *See id.* at 26. It is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Ibid.*; *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Dukeman purports to bring the federal claims against Trooper Wyatt in his official capacity under §§ 1983 and 1985. Sovereign immunity[2] bars such claims. *See Will*, 491 U.S. at 71. Thus, the federal claims against Trooper Wyatt in counts I, III, and V must be dismissed.

The state law claims against Trooper Wyatt in his official capacity are also barred by sovereign immunity because those claims are construed as claims against the entity or the state itself. *See Edwards v. McNeill*, 894 S.W.2d 678, 682 (Mo. App. W.D. 1995). State entities are protected by sovereign immunity. *See* Mo Rev. Stat. §537.600. Missouri statute contains specific waivers of immunity, but not for the circumstances alleged here. Plaintiff bears the burden to specifically plead facts showing that an exception

---

[2] The State does not waive its sovereign immunity, which is broader than the Eleventh Amendment, by removing an action from state to federal court. *Church v. Missouri*, 913 F.3d 736, 742-43 (8th Cir. 2019).

3

to sovereign immunity applies. *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003). He has not done so here. This Court should dismiss the state law claims in Counts IV, VI, VII, IX, X, and XI against Trooper Wyatt in his official capacity.

### III. The state law claims in counts IV, VI, VII, IX, X, and XI against Trooper Wyatt in his individual capacity are barred by the statute of limitations, official immunity, or otherwise fail to state a claim.

To state a claim, a plaintiff must state facts showing each element of the claim. *See Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). "If an affirmative defense appears from the face of the complaint, dismissal pursuant to Rule 12(b)(6) is proper." *Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 983 (8th Cir. 2008). Here, it is apparent from the face of the complaint that the statute of limitations and official immunity bars Dukeman's claims against Trooper Wyatt. And, Dukeman otherwise fails to state a claim.

#### a. The statute of limitations bars the state law claims in counts VI, VII, IX, X, and XI. [3]

The incident occurred on November 8, 2020. Pl.'s Complaint, at ¶ 47. The statute of limitations for an action against a state officer for an act in his official capacity is three years. *See* Mo. Rev. Stat. § 516.130(1). In this context, "act in

---

[3] Unlike the other claims, the statute of limitations for malicious prosecution under Missouri law is two years. Mo. Rev. Stat. § 516.140. But also unlike the other claims, which accrued on the date of the incident, the statute of limitations for malicious prosecution does not accrue until the underlying proceeding or action is terminated in plaintiff's favor. *See Doyle v. Crane*, 200 S.W.3d 581, 586 (Mo. App. W.D. 2006).

4

an official capacity" means "acting with the scope of what he or she is employed to do rather than being engaged in a personal frolic." *Dilley v. Valentine*, 401 S.W.3d 544, 553 (Mo. App. W.D. 2013) (quoting *Kinder v. Mo. Dep't of Corrections*, 43 S.W.3d 369, 373 (Mo. App. W.D. 2001)). Dukeman filed this action on July 2, 2024, which is beyond the three-year limitation period. Thus, Dukeman's state law claims in counts VI, VII, IX, X, and XI against Trooper Wyatt in his individual capacity are barred by the statute of limitations. The Court should dismiss those counts for that reason.

### b. Official immunity bars all of Dukeman's state law claims against Trooper Wyatt in his individual capacity.

"Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties." *Southers v. City of Farmington*, 263 S.W.3d 603, 610-11 (Mo. 2008). Courts construe official immunity broadly "lest they frustrate the need for relieving public servants of the threat of burdensome litigation." *State ex rel. Barron v. Beger*, 655 S.W.3d 356, 360 (Mo. 2022) (internal citations omitted). Immunity in this context "'connotes not only immunity from judgment but also immunity from suit.'" *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. 2019) (quoting *State ex rel. Mo. Dep't of Agric. v. McHenry*, 687 S.W.2d 178, 181 (Mo. 1985)). "Official immunity 'protects a public official from liability if that official acts within the

5

course of his official duties and without malice.'" *Id.* at 190 (quoting *Southers*, 263 S.3d at 610 & n. 7).

Official immunity does not apply to an act conducted in bad faith or with malice. *See Southers*, 263 S.W.3d at 612 (holding "the doctrine of official immunity will not apply to conduct that is willfully wrong or done with malice or corruption."). "'The relevant definition of bad faith or malice [in the context of official immunity] ordinarily contains a requirement of actual intent to cause injury.'" *Throneberry v. Mo. State Hwy. Patrol*, 526 S.W.3d 198, 204 (Mo. App. W.D. 2017) (alteration in original) (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. 1986)). Dukeman does not allege any facts that Trooper Wyatt intended to cause him injury. And no such facts exist. This narrow exception to the official-immunity doctrine does not apply.

Only one other narrow exception to the official immunity doctrine exists: when an official "fails to perform a *ministerial* duty required of him by law…." *Alsup*, 588 S.W.3d at 191. It requires "the existence of a statutory or departmentally-mandated duty and a breach of that duty[.]" *Twiehaus*, 706 S.W.2d at 446. And, "[a]n act is not ministerial simply because it is required by statute." *State ex rel. Helms v. Rathert*, 624 S.W.3d 159, 164 (Mo. 2021) (citing *Alsup*, 588 S.W.3d at 192-93). A ministerial—often defined as "clerical"—duty is one that "compels a task of such a routine and mundane nature that it is likely to be delegated to subordinate officials." *Alsup*, 588

6

S.W.3d at 191. A ministerial duty is "one in which a certain act is to be performed 'upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority, and without regard to [the public official's] judgment or opinion concerning the propriety or impropriety of the act to be performed.'" *Id.* (alterations in original) (quoting *State ex rel. Forgrave v. Hill*, 272 Mo. 206, 198 S.W. 844, 846 (Mo. banc 1917)). "Thus, the central questions is whether there is any room whatsoever for variation in when and how a particular task can be done. If so, that task—by definition—is not ministerial." *Id.* Here, Dukeman does not cite to any statute requiring Trooper Wyatt to perform any duty. Dukeman purports to cite to policies of the Ste. Genevieve County Sheriff's Department, but those do not apply to Trooper Wyatt. And, those policies do not set out a ministerial duty. Trooper Wyatt's task here—assisting local officers to locate a fleeing felon—necessarily has room for variation. Thus, it does not fall within the ministerial exception.

Official immunity bars the state law claims against Trooper Wyatt in his individual capacity. This court should dismiss the state law claims in count IV, VI, VII, IX, X, and XI for that reason.

### c. Dukeman's state law claims against Trooper Wyatt otherwise fail to state a claim.

Dukeman has not alleged sufficient facts to establish a malicious prosecution claim against Trooper Wyatt. "Because    malicious    prosecution

7

suits countervail the public policy that the law should encourage citizens to aid in the uncovering of wrongdoing the courts require strict compliance with the requisite elements." *Edwards v. Gerstein*, 237 S.W.3d 580, 583 (Mo. 2007) (citing *Sanders v. Daniel Int'l Corp.*, 682 S.W.2d 803, 806 (Mo. 1984)). A claim for malicious prosecution requires a plaintiff to plead and prove: "(1) commencement of an earlier suit against plaintiff, (2) instigation of the suit by defendant, (3) termination of the suit in plaintiff's favor, (4) lack of probable cause for the suit, (5) malice by defendant in instituting the suit, and (6) damage to plaintiff resulting from the suit." *Id.* at 582.

Dukeman has not pleaded facts to show that Trooper Wyatt instigated a suit against him, lacked probable cause for any such suit, or that Trooper Wyatt took any action with malice. Probable cause for the initiation of a criminal prosecution is "reasonable grounds for suspicion, supported by circumstances in evidence sufficiently strong to warrant a cautious person to believe that the person accused is guilty of the offense charged." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 115 (Mo. App. E.D. 2008). Dukeman does not allege that Trooper Wyatt wrote a report, falsified a report, referred the matter to the prosecutor, provided any evidence about the incident, or took any other action related to his criminal case. Instead Dukeman merely attempts to include Trooper Wyatt in his allegations about the Ste. Genevieve officers.

8

That is insufficient to state a claim against Trooper Wyatt. Dismissal of count IV is proper.

Dukeman has also not established a claim for civil conspiracy under Missouri law. To do so, he "must establish the following: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured." *Higgins v. Ferrari*, 474 S.W.3d 630, 642 (Mo. App. W.D. 2015) (internal quotations omitted). There must be an "underlying unlawful act or tort to support a civil conspiracy claim." *Id.* at 643. "There must be clear and convincing proof that the alleged conspirator 'knowingly performed any act or took any action to further or carry out the unlawful purposes of the conspiracy.' In addition and by its nature, a conspiracy has as its object or purpose the obtaining of a benefit for the conspirator." *Ibid.*

This claim must fail for two reasons: (1) the underlying tort claims fail; and (2) Dukeman has not established each element of his claim. He has not shown a meeting of the minds to participate in an unlawful arrangement. Also, no facts support a determination that Trooper Wyatt obtained a benefit by participating in the alleged conspiracy. Thus, dismissal of count VI is proper.

Dukeman's claim for negligence per se in count VII fares no better. For negligence per se, a plaintiff must plead: "(1) the defendant violated a statute; (2) the injured plaintiff was a member of the class of persons intended to be

9

protected by the statute; (3) the injury complained of was of the kind the statute was designed to prevent; and (4) the violation of the statute was the proximate cause of the injury." *Martinez v. Kilroy Was Here LLC*, 551 S.W.3d 491, 496 (Mo. App. E.D. 2018). Dukeman has not alleged that Trooper Wyatt violated any statute. Indeed, Dukeman does not cite to any statute to support his negligence per se claim against any of the defendants; instead he relies on policies of the Ste. Genevieve County Sheriff's Department.[4] Further, Dukeman has alleged conduct that is intentional. "The theories of negligence and intentional tort are contradictory and mutually exclusive. Evidence of an act purposely done negates negligence. A plaintiff cannot recover under a negligence theory if the only evidence is that of an intentional tort." *Jones v. Marshall*, 750 S.W.2d 727, 278 (Mo. App. E.D. 1988) (internal citations omitted). Thus, dismissal of count VII is proper.

Dukeman's claims for strict liability in counts IX and X also fail. The cited statute in count IX is applicable to the owner or possessor of a dog. Dukeman does not, and cannot, allege that Trooper Wyatt owned or possessed the dog that he alleges bit him. Thus, Mo. Rev. Stat. § 273.036 is inapplicable to Trooper Wyatt, and count IX fails. The statute in count X is applicable to the

---

[4] Dukeman's Complaint contains a cite to Mo. Rev. Stat. § 221.111 but that must be in error. That statute establishes an offense for possessing unlawful items in a prison or jail. Dukeman does not allege any facts about his possession of unlawful items in a prison or jail or that any of his claims relate to such an offense. *See, generally,* Doc. 6.

10

owner of an animal.[5] Dukeman has not, and cannot, allege that Trooper Wyatt owned the animal that he alleges bit him. Thus, Mo. Rev. Stat. § 322.145 is inapplicable to Trooper Wyatt, and count X fails. This Court should dismiss counts IX and X against Trooper Wyatt in his individual capacity.

Finally, Dukeman's negligence claim in count XII fails. Dukeman has not pleaded sufficient facts to establish a negligence claim against Trooper Wyatt. He does not allege any facts specific to Trooper Wyatt. And, in any event, Dukeman has alleged intentional conduct. "The theories of negligence and intentional tort are contradictory and mutually exclusive. Evidence of an act purposely done negates negligence. A plaintiff cannot recover under a negligence theory if the only evidence is that of an intentional tort." *Marshall*, 750 S.W.2d at 278. Thus, dismissal of count XI is proper.

### IV. The federal claims in counts I, III, and V against Trooper Wyatt in his individual capacity are barred by qualified immunity or otherwise fail to state a claim.

Qualified immunity shields government officials from civil liability unless the official violates "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "When properly applied, it protects 'all but the plainly incompetent or

---

[5] The statute, Mo. Rev. Stat. § 322.145, appears to apply to those possibly transmitting rabies or other zoonotic disease, as it is contained in the chapter titled "Protection from Rabies." In any event, it is inapplicable to Trooper Wyatt.

11

those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). To defeat a claim of qualified immunity, a plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* at 735. Qualified immunity requires "an individualized analysis of each officer's alleged conduct to determine whether the factual allegations against each individual officer were sufficient to overcome qualified immunity." *Roberts v. City of Omaha*, 723 F.3d 966, 974 (8th Cir. 2013).

    Dukeman does not allege that Trooper Wyatt used any force against him. He does not allege any facts to support a determination that Trooper Wyatt had the opportunity to intervene regarding force known or constructively known. *See Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012). Indeed, it may have been dangerous for him to do so, because no facts support a determination that Trooper Wyatt had any control over the dog or any ability to exercise control over the dog. Dukeman also does not allege that Trooper Wyatt seized him pursuant to legal process. *See Thompson v. Clark*, 596 U.S. 36, 42 (2022). He does not allege that Trooper Wyatt wrote a report, falsified a report, referred the matter to the prosecutor, provided any evidence about the incident, or took any other action related to his criminal case. Instead Dukeman merely attempts to include Trooper Wyatt in his allegations about

the Ste. Genevieve officers. And Dukeman's prosecution did not end without a conviction. He was convicted of resisting. *See* Doc. 5 at 4. Dukeman has not alleged sufficient facts to show that Trooper Wyatt's particular conduct violated Dukeman's Fourth Amendment rights.

Dukeman's conspiracy claim also fails. Among other things to prove a conspiracy, Dukeman must produce "specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). He must show that there was "a mutual understanding to commit unconstitutional acts." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). Conversations between the officers are insufficient to establish a conspiracy. *See Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018).

Dukeman cannot establish a constitutional violation, which is fatal to his conspiracy claim against Trooper Wyatt. He also has not pleaded any facts to show that Trooper Wyatt deprived him of equal protection of the laws, which he must under § 1985. But, even if he overcame those hurdles, Dukeman must establish with specific facts a meeting of the minds between Trooper Wyatt and the other officers to violate Dukeman's constitutional rights. "A conspiracy claim 'requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.'" *Faulk v City of St. Louis, Mo.*, 30 F.4th 739, 748 (8th Cir. 2022) (quoting *Twombly*, 550 U.S. at 556). Being part of a conspiracy requires knowledge that there is a conspiracy. Dukeman offered

13

only "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. He has not shown with specific facts the necessary meeting of the minds. Thus, his conspiracy claim in count V fails.

Trooper Wyatt did not violate Dukeman's Fourth Amendment rights. He did not violate any rights under § 1985 or otherwise engage in a conspiracy. Dukeman fails the first prong of the qualified immunity analysis. Thus, qualified immunity bars his claims against Trooper Wyatt.

Even if Dukeman had shown a constitutional violation, Trooper Wyatt would still be entitled to qualified immunity, because it was not clearly established that *his* actions violated the Fourth Amendment. A plaintiff bears the burden to demonstrate that the right is clearly established. *Smith v. City of Minneapolis*, 754 F.3d 541, 546 (8th Cir. 2014). "A right is clearly established if its contours are sufficiently clear that a reasonable official would understand that *what he is doing* violates that right." *Ibid.* (emphasis added) (quotations marks omitted). "The dispositive question is 'whether the violative nature of *particular conduct* is clearly established.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (emphasis added) (quoting *al-Kidd*, 563 U.S. at 742). Dukeman cannot meet his burden here.

Dukeman cannot show that it was clearly established that Trooper Wyatt had to attempt to intervene in these circumstances. Further, Trooper Wyatt could not know that his conduct in November 2020 violated any right

14

Dukeman might have to be free from malicious prosecution under the Fourth Amendment. *See Pleus v. Hoeh-Pistorio*, 1:23-CV-196-MTS, 2024 WL 3161617, at *4 (E.D. Mo. June 25, 2024) (holding malicious prosecution right not sufficiently clear in 2020 and noting *Thompson* decided in 2022). And further, Dukeman's claim must be that he had a right to be free from prosecution for one charge when he was convicted of another charge. He cannot cite to a case where the Supreme Court has found a constitutional violation in those circumstances. Thus, Dukeman also fails at the second prong of the qualified immunity analysis.

## Conclusion

Accordingly, Defendant Trooper Wyatt respectfully request that this Court enter an order, sustaining this motion and dismissing Plaintiff's claims with prejudice and for such further relief as this Court deems just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone: (816) 889-5000
Email: Nicolas.Taulbee@ago.mo.gov
*Attorney for Defendant Trooper Wyatt*

15

## **Certificate of Service**

I hereby certify that on August 14, 2024, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Nicolas Taulbee*
Assistant Attorney General
