# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| John Phillip Wright Dukeman II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   1:24-cv-00149 |
| | ) | |
| Ste. Genevieve County, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## Motion for Stay Pending Appeal

Defendant Dylon Wyatt moves the Court to stay all litigation deadlines and all discovery while the appeal is pending. In support, Defendant Wyatt states:

1. On March 24, 2025, this Court denied Defendant Wyatt's motion to dismiss on the grounds that he is entitled to qualified immunity. *See* Doc. 43.

2. On March 28, 2025, Defendant Wyatt timely filed his notice of appeal of that denial. *See* Doc. 46.

3. The filing of a notice of appeal for the denial of qualified immunity vests jurisdiction in the appellate court of the issues raised in the appeal. *Johnson v. Hay*, 931 F.2d 456, 459 n. 2 (8th Cir. 1991).

4. In conferring jurisdiction in the appellate court, the filing of a notice of appeal divests this Court of jurisdiction over those aspects of the case involved in the appeal. *Id.*

5. "In the Circuits that have considered the issue in the analogous contexts of qualified immunity and double jeopardy, moreover, district courts likewise must automatically stay their proceedings while the interlocutory appeal is ongoing." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 (comparing arbitration to qualified immunity and holding stay is required).

6. Qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).

7. This entitlement "is effectively lost is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

8. "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

9. A stay preserves the right to "avoid disruptive discovery." *See Iqbal*, 556 U.S. at 685.

10. "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants.

2

It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Ibid.*

11. Because Defendant Wyatt has appealed the issue of qualified immunity, this Court should stay all proceedings in this matter pending resolution by the appellate court of that issue.

For these reasons, Defendant Wyatt moves this Court for a stay of all litigation deadlines and all discovery while the appeal is pending and for such further relief as this Court deems just and proper.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

*/s/ Nicolas Taulbee*
Nicolas Taulbee
Missouri Bar Number 61065
Assistant Attorney General
615 East 13th Street, Suite 401
Kansas City, Missouri 64106
Telephone:  (816) 889-5000
Email:        Nicolas.Taulbee@ago.mo.gov
*Attorney for Defendant Trooper Wyatt*

3

## **Certificate of Service**

I hereby certify that on April 1, 2025, I filed the foregoing electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Nicolas Taulbee*
Assistant Attorney General
