**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOHN PHILLIP WRIGHT DUKEMAN, II, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00149-NCC |
| | ) | |
| CHARLES OCHS and | ) | |
| TRAVOR GREEN, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Travor Green's Motion for Revision under Federal Rules of Civil Procedure 54(b) and 60(b) (Docs. 74-75).  Plaintiff filed a belated response opposing the motion (Docs. 82-84), and the Court heard argument on April 6, 2026.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 30).  For the following reasons, Defendant Green's motion will be **GRANTED**.

**I.  Background**

On March 25, 2025, the Court entered an order (Doc. 43) granting Defendants' motions to dismiss (Docs. 3, 10) in part and denying them in part.  The Court dismissed all claims against Defendants Ste. Genevieve County, the Ste. Genevieve County Sheriff's Department, Gary Stolzer, and Richard Placke.  The only remaining count was Count I, alleging excessive force under 42 U.S.C. § 1983.  The Court found that Defendants Charles Ochs, Travor Green, and Dylon Wyatt were not entitled to qualified immunity on Count I and that Plaintiff adequately stated a claim with respect to those defendants in their individual capacities.

On March 28, 2025, Defendant Wyatt filed a Notice of Appeal on the issue of qualified immunity on Count I (Doc. 44).  On March 31, 2025, Defendants Ochs and Green filed an Answer (Doc. 45).  On October 3, 2025, the Court stayed the case pending resolution of the appeal (Doc. 69).

On February 12, 2026, the Eighth Circuit Court of Appeals found that Defendant Wyatt was entitled to qualified immunity (Doc. 72; *Dukeman v. Ste. Genevieve Cnty.*, 167 F.4th 500 (8th Cir. 2026)).  The mandate issued on March 6, 2026 (Doc. 76), and the Court lifted the stay and dismissed Defendant Wyatt from the action on March 26, 2026 (Doc. 78).

On February 12, 2026, Defendant Green filed a Motion for Revision under Federal Rules of Civil Procedure 54(b) and 60(b), requesting that this Court revise its dismissal order in light of the Eighth Circuit's ruling and grant Defendant Green qualified immunity (Docs. 74-75).  Plaintiff requested leave to file a belated response opposing the motion (Docs. 82-84).

## II.  Legal Standards

### A.  Rule 54(b)

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment."  It permits the Court to "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment."  *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008).  Rule 54(b) is the appropriate rule under which to address a motion to reconsider non-final orders.  *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015); *see also Moore v. Stange*, No. 1:21-CV-114-JSD, 2024 WL 4144098, at *2 (E.D. Mo. Sept. 11, 2024)

2

(noting that Federal Rule of Civil Procedure 60(b) is more appropriate and typical for motions to reconsider final orders).  The standard applied to a Rule 54(b) motion is less exacting than for a Rule 60(b) motion.  *Ward v. Copenhaver*, 2025 WL 3296179, at *6 (E.D. Ark. Nov. 26, 2025); *Dunne v. Res. Converting, LLC*, No. 4:16 CV 1351 DDN, 2019 WL 1227456, at *2 (E.D. Mo. Mar. 15, 2019).

The Court's inherent authority to reconsider interlocutory orders, coupled with Rule 54(b), gives the Court a great deal of discretion in this area.  *Moore*, 2024 WL 4144098 at *2; *see also Vosdingh v. Qwest Dex, Inc.*, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005) (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when [the Court is] convinced an error has been made, manifest or not"); *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008) ("It is generally held that a court may amend or reconsider any ruling under Rule 54(b) to correct any clearly or manifestly erroneous findings of facts or conclusions of law.") (citation modified).[1]

A motion to reconsider under Rule 54(b) is not "a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."  *Grozdanich v. Leisure Hills Health Ctr., Inc.*, 48 F.Supp.2d 885, 888 (D. Minn. 1999) (citation modified).  Although "district courts have considerable discretion in deciding whether

---

[1] However, some courts have taken a different view—that a court will reconsider an interlocutory order only if the moving party demonstrates that (1) it did not have a fair opportunity to argue the matter previously, and (2) granting the motion is necessary to correct a significant error.  *See Dunne*, 2019 WL 1227456 at *2; *Halloran v. Houlihan's Restaurants, Inc.*, 2013 WL 544011, at *2 (W.D. Mo. Feb. 12, 2013); *A.O.A v. Rennert*, No. 4:11 CV 44 CDP, 2025 WL 3753964, at *1 (E.D. Mo. Dec. 29, 2025); *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010).

to reconsider an interlocutory order" under Rule 54(b), "they also have an interest in judicial economy and ensuring respect for the finality of [their] decisions—values which would be undermined if [they] were to routinely reconsider [their] interlocutory orders." *Roemen v. United States*, 343 F.R.D. 619, 624 (D.S.D. 2023) (citation modified).

### B. Mandate Rule

The mandate rule provides as follows:

> [P]ursuant to the mandate rule, this Court lacks "power to do anything which is contrary to either the letter or spirit" of the opinion of the Court of Appeals. *Pearson v. Norris*, 94 F.3d 406, 409 (8th Cir. 1996) (quoting *Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir. 1940)). By virtue of that rule, "every question decided by the appellate court, whether expressly or by necessary implication, is finally settled and determined." *Thompson v. C.I.R.*, 821 F.3d 1008, 1011 (8th Cir. 2016). Thus, the rule extends the law of the case to questions decided by implication or necessity on appeal based on "the presumption [] that all the facts in the case bearing on the points decided have received due consideration." *Pyramid Life Ins. Co. v. Curry*, 291 F.2d 411, 413 (8th Cir. 1961) (quoting 5B C.J.S. Appeal and Error § 1832).

*United States v. Dico, Inc.*, 2017 WL 11662687, at *3 (S.D. Iowa Mar. 24, 2017); *see also Affordable Communities of Missouri v. Fed. Nat. Mortg. Ass'n*, No. 4:11-CV-555 CAS, 2013 WL 4092676, at *3 (E.D. Mo. Aug. 13, 2013) ("When an appellate court remands a case to the district court, all issues decided by an appellate court become the law of the case. This rule extends not only to actual holdings but also to all issues implicitly settled in prior rulings. On remand, a district court is bound by all such determinations.") (citation modified); *Bethea v. Levi Strauss and Co.*, 916 F.2d 453, 456–57 (8th Cir.1990) ("On remand, a district court is bound to obey strictly an appellate mandate."); *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir.1995) ("The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy.").

### III.  Analysis

Defendant Green filed a Motion for Revision under Federal Rules of Civil Procedure 54(b) and 60(b), requesting that this Court revise its dismissal order in light of the Eighth Circuit's ruling and grant Defendant Green qualified immunity (Docs. 74-75).  Plaintiff filed a belated response opposing the motion (Docs. 82-84).  For the following reasons, the Court will grant Defendant Green's motion.

In its decision, the Eighth Circuit identified the following standard for failure to intervene: "a police officer must have (1) observed or had reason to know that excessive force would be or was being used, and (2) had both the opportunity and the means to prevent the harm from occurring." *Dukeman*, 167 F.4th at 505 (citation modified).  The Eighth Circuit found that Plaintiff had not shown or alleged that: "Trooper Wyatt had any specific knowledge or experience in handling a police canine"; "an officer with no known relationship to a police canine has a clearly established obligation to intercept the canine or physically remove the canine trained to bite and hold a suspect"; or "verbal commands from a non-deploying officer would have had any effect on Ares [the canine in this case] or otherwise mitigated the situation." *Id.* Accordingly, the Eighth Circuit held that "[a]n officer standing in Trooper Wyatt's position would not have been on notice that he was required to verbally command or physically attempt to intercept or remove a police canine belonging to another law enforcement agency or risk violating a suspect's constitutional rights" and "[w]ithout such a showing, Trooper Wyatt is entitled to qualified immunity on Dukeman's failure-to-intervene claim." *Id.*[2]

---

[2] The Eighth Circuit also rejected Plaintiff's "collective allegation that all officers on scene used excessive force," without some further showing with respect to individual officers. *Dukeman*, 167 F.4th at 505.

The Eighth Circuit noted that Trooper Wyatt was not on notice, for qualified immunity purposes, that he must intervene with respect to "a police canine belonging to another law enforcement agency." *Id.*; *see also id.* at 504-05 ("Dukeman has not pointed us to any authority establishing that an officer from a different law enforcement agency and without a police canine on scene should have understood that, as part of his role in assisting in a search for a suspect, he had a duty to intervene and issue a canine warning on behalf of the handler."). However, the Eighth Circuit's decision did not turn on the fact that Trooper Wyatt was from a different agency.

Like Defendant Wyatt, Defendant Green was not Ares' deploying officer and had no known relationship to Ares. *See* Doc. 6. Similarly, Plaintiff has not shown or alleged that verbal commands from Defendant Green would have mitigated the situation or that Defendant Green had any specific knowledge or experience in handling a police canine. *See id.* At most, Plaintiff alleges that, collectively, the officers were required to be familiar with and adhere to the canine policies of the Ste. Genevieve County Sheriff's Department (Doc. 6 at ¶ 20). Therefore, Defendant Green is entitled to qualified immunity by implication of the Eighth Circuit's decision.

While Plaintiff argues that the Eighth Circuit did not *explicitly* decide the issue of qualified immunity as to Defendant Green, Plaintiff misstates the mandate rule. The mandate rule applies with equal force to issues that were implicitly decided. *Dico*, 2017 WL 11662687 at *3; *Affordable Communities of Missouri*, 2013 WL 4092676, at *3.

The Supreme Court and Eighth Circuit "repeatedly have stressed the importance of resolving [qualified] immunity questions at the earliest possible stage in litigation." *Payne v.*

*Britten*, 749 F.3d 697, 701 (8th Cir. 2014) (citation modified).  Pursuant to the mandate rule, Rule 54(b), and the Court's inherent authority to reconsider interlocutory orders, the Court will exercise its discretion to reconsider its dismissal order and grant Defendant Green qualified immunity, consistent with the Eighth Circuit's decision in this case.

### IV.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Travor Green's Motion for Revision under Federal Rules of Civil Procedure 54(b) and 60(b) (Doc. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Responsive Pleadings to Defendant Trevor [sic] Green's Motion for Revision under Federal Rules of Civil Procedure 54(b) and 60(b) Out of Time (Docs. 82) is **GRANTED**.

A separate order of dismissal shall accompany this order.

Dated this 23rd day of April, 2026.

        /s/ Noelle C. Collins
        NOELLE C. COLLINS
        UNITED STATES MAGISTRATE JUDGE